UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ARMANDO MARMOL,   CASE NO. 00-4078-CIV-DIMITROULEAS
   (98-81-CR-DIMITROULEAS)
    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**<u>ORDER DENYING MOTION UNDER RULE 60(b)(4)</u>**

    THIS CAUSE having been heard upon Petitioner's (Marmol) April 26, 200* Motion Under Federal Rules of Civil Procedure Rule 60(b)(4) [DE-3], and having reviewed the Court file, having presided over the trial of this cause, and being otherwise fully advised, hereby denies the Motion for Relief From Judgment [DE-3] and finds as follows:

    1. On February 13, 1998, Marmol was indicted and charged with Conspiracy to Import Cocaine, two counts of Importation of Cocaine, Conspiracy to Possess with Intent to Distribute Cocaine and Possession with Intent to Distribute Cocaine. [CR-DE-18].

    2. On June 30, 1998, Marmol was convicted on three counts: Conspiracy to Import Cocaine, Conspiracy to Possess with Intent to Distribute Cocaine and Possession with Intent to Distribute Cocaine. [CR-DE-105].

    3. On September 11, 1998, Marmol was sentenced to 293 months in prison on all counts concurrent. [CR-DE-135].

    4. On May 18, 2000, the Eleventh Circuit Court of Appeals vacated the judgments and sentences, but remanded for this Court to consider the issue of a <u>Jencks</u> disclosure. [CR-DE-

192]. U.S. v. Marmol, 216 F. 3d 1090 (11th Cir. 2000). On August 8, 2000, this Court reinstated the judgments and sentences. [CR-DE-185]. On August 16, 2000, a notice of appeal was filed. [CR-DE-189]. On April 23, 2002, the Eleventh Circuit Court of Appeals affirmed. [CR-DE-207]. U.S. v. Marmol, 37 Fed. Appx. 504 (11th Cir. 2002).

5. On October 25, 2000, Marmol filed a Motion to Vacate in case number 00-4078-CIV-DIMITROULEAS, alleging an Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) violation. [CR-DE-204]. This Court denied relief on October 27, 2000 [CR-DE-205]. Apparently, no appeal was taken.

6. On March 25, 2003, Marmol raised five issues in his second collateral attack. The Court denied relief on April 24, 2003 [DE-4 in 03-20809]. One of the issues was an Apprendi violation.

7. The Eleventh Circuit Court of Appeal denied a certificate of appealability on July 18, 2003. [DE-17 in 03-20809-CIV-DIMITROULEAS]. On July 25, 2003 Marmol fled a Supplemental Brief. [DE-15 in 03-20809-CIV-DIMITROULEAS]. On August 5, 2003, this Court dismissed the brief. [DE-19 in 03-20809-CIV-DIMITROULEAS]. On November 17, 2003, the Eleventh Circuit denied a certificate of appealability. [DE-29 in 03-20809-CIV]. On January 13, 2005, the United States Supreme Court denied certiorari. Marmol v. U.S., 125 S. Ct. 2974 (2005).

8. On July 15, 2005 Marmol filed a Motion For Reduction in case number 05-22038-CIV-DIMITROULEAS; Marmol argued a U.S. v. Booker, 125 S. Ct. 738 (2005) violation and a hearsay violation under Crawford v. Washington, 124 S. Ct. 1354 (2004). However, neither case had been given retroactive application. Varela v. U.S., 400 F. 3d 864 (11th Cir.) cert. denied, 126 S. Ct. 312 (2005); Blintz v. Bertrand, 403 F. 3d 859 (7th Cir.) cert. denied, 126 S. Ct. 174

(2005).

9. On July 29, 2005, this Court dismissed the petition. [CR-DE-227]. See U.S. v. Lloyd, 398 F. 3d 978, 979-80 (7th Cir. 2005). No appeal was apparently taken.

10. On December 26, 2005, Marmol again argued Apprendi and Booker violations. This Court denied relief on January 4, 2006 in 05-23336 CIV. Reconsideration was denied on January 19, 2006, March 2, 2006 and June 12, 2006. [DE-4, 7, and 8 in 05-23336-CIV].

11. On May 15, 2006, Marmol complained about the executive branch of Government's attempt to execute on the judgment. [CR-DE-233]. On May 23, 2006, this Court denied relief. [CR-DE-234]. Reconsideration was denied on June 12, 2006. [CR-DE-236]. No appeal was taken.

12. In this latest collateral attack on this Court's October 27, 2000 Order [DE-2], Marmol again complains about an illegal sentence. He complains that the amount of drugs was not alleged in the indictment.[1] Relief from a void judgment can be sought at any time. Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F. 3d 1126, 1130 (11th Cir. 1994). However, a judgment is not void just because it is erroneous. U.S. v. Berke, 170 F. 3d 882, 883 (9th Cir. 1999). A judgment is void if the court lacked jurisdiction over the subject matter or over the parties or it acted in a manner inconsistent with due process. Mackey v. U.S., 221 Fed. Appx. 907, 909 (11th Cir. 2007) citing Burke v. Smith, 252 F. 3d 1260, 1263 (11th Cir. 2001). Here, Marmol is again alleging an illegal sentence under Apprendi. The Court has previously denied that complaint. Marmol did or could have appealed that decision. The judgment was not void. Even if the sentence had been illegal, the Court could have and would have restructured the sentences so that

---

[1] Technically, Marmol is not complaining about his criminal conviction, See Altman v. U.S., 2008 WL 835257 (11th Cir. March 31, 2008), he is attacking the denial of his 2255 motion.

the counts consecutively added up to 293 months.

Wherefore, Marmol's Motion for Relief from Judgment [DE-3] is Denied.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of May, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Armando Marmol, #58066-004
c/o FCI Elkton
PO Box 10
Lisbon, Ohio 44432

Roger Stefin, AUSA